J. H. ALLEN AND PENN YETTER v. W. L. BROWN.
## No. 212.

DEED BY CORPORATION — *must conform to the statute.* A corpora-
tion can convey real property in the manner prescribed by the
statutes, and not otherwise; and a deed executed by a corporation
and having the corporate seal must be held effectual as a convey-
ance of title as against an unsealed deed of the same corporation
for the same property, notwithstanding the latter deed though
made at a later time was first recorded and actual possession of
the premises was taken under it.

Error from Sumner District Court.   Hon. James A.'
Ray, Judge.   Opinion filed October 16, 1897.   *Reversed.*

*W. W. Schwinn,* for plaintiffs in error.

No appearance for defendant in error.

MILTON, J.   This action was begun by the defend-
ant in error to quiet his title to two lots in the city of
Wellington.   He derived his title by means of con-
veyances from the Wellington Town Company, the
quitclaim deed under which he held having been
acknowledged and recorded on May 2, 1881.   It states
that the town company, by its president and secre-
tary, is the party of the first part, and it is signed and
acknowledged by the president and secretary of the
company as such officers.   Plaintiff purchased the
property on March 11, 1884, and entered into posses-
sion thereof.   Directly afterward he built a house and
made other improvements at a cost of nearly four
hundred dollars.   His possession was not disputed
on the trial.   The said deed from the town company
bore no corporate seal.   Defendants claimed title
under a warranty deed from the same company, dated
December 25, 1872, and acknowledged on the twenty-
seventh of the same month.   This deed was not re-
corded until December 27, 1884.   Defendants filed a

ALLEN v. BROWN.                                    705

Oct. 16, 1897.          Opinion.   Milton, J.          C. Div.

verified answer denying that the Wellington Town Company ever executed any deed through which the plaintiff acquired any right or title to the real estate described in his petition, and denying the authority of P. A. Wood, who signed the deed as president, to make the conveyance. Plaintiff was not aware of the existence of this deed until after it was recorded. Defendants paid the taxes on the lots from the date of their deed, and the plaintiff also paid the taxes on the same property after his purchase. The case was tried by the court, and judgment was rendered for plaintiff, quieting his title as prayed for. Plaintiffs in error have filed a brief, but defendant in error has failed to do so.

It is not necessary to refer to any other matter than the question as to the validity of the deed under which plaintiff below claimed title. The evidence is conflicting as to the reason for the execution of the last deed. The president said it was done without consideration and without authority, while the grantee therein testified that it was for a valuable consideration and that he purchased without any notice or knowledge of the first deed.

The statute which was in force at the time this deed was made was section 38 of chapter 23, General Statutes of 1868, which reads as follows :

"Any corporation may convey lands by deeds, sealed with the common seal of the corporation, and signed by the president, vice-president or presiding member or trustee of said corporation ; and such deed, when duly acknowledged by such officer to be the act of the corporation, or proved in the same manner provided for other conveyances of land, may be recorded in like manner and with the same effect as other deeds."

This section was amended in 1887, but the language quoted was retained, the following being added:

"All deeds purporting to convey real estate, provided by this section, and heretofore signed and acknowledged by the vice-president of such corporation, and sealed as herein stated, shall have the same force and effect as if the same had been signed by the president thereof."

Of course plaintiff's deed, if valid, would take precedence over that of defendants, since it was recorded first. But under the section cited, which is now paragraph 1198 of the General Statutes of 1889, the plaintiff's deed was not a statutory conveyance and was not entitled to be recorded. Nor will it be helped by paragraph 1138 of the General Statutes of 1889, relating to defective instruments of conveyance, which was passed in 1887, as this statute was enacted after defendants had put their valid deed on record. The authorities are agreed that in making conveyances of real estate corporations must follow the method laid down in the statute, and that where a corporation has a corporate seal it must affix the same to such instruments to make them valid. We conclude that the judgment of the trial court is erroneous.

In view of the fact that defendant in error made valuable improvements on the lots in controversy, we shall leave the matter open for further proper proceedings.

The judgment is reversed, and the case remanded for a new trial.