## DOWNING v. YOUNG MEN'S CHRISTIAN ASS'N et al.

No. 26954.    Oct. 13, 1936.

Rehearing Denied Dec. 8, 1936.

Ben F. Williams, Homer Cowan, and T. R. Benedum, for plaintiff in error.

A. H. Huggins and John E. Luttrell, for defendants in error.

PHELPS, J. The trial court sustained a demurrer to plaintiff's petition, and the plaintiff appeals. The relief sought by the petition was specific performance of plaintiff's contract with the defendant, the Y.M.C.A. of the University of Oklahoma, a corporation. The defendant owned a tract of land in the city of Norman. Its president and secretary executed a written contract with the plaintiff whereunder it agreed to sell and the plaintiff agreed to buy the land, the plaintiff to pay $1,000 down, assume a $3,000 mortgage, and execute his $500 note for the remainder of the purchase price. The contract further provided that the contract, together with a deed to the property, be placed in escrow in a local bank, to be delivered to the plaintiff when the terms of the contract were complied with. The plaintiff voluntarily placed his $1,000 cash payment in the bank, but the bank did not deliver him the deed, because the defendant had had a meeting of its board of directors, which refused to ratify the contract unless plaintiff would agree that no filling station would be placed upon the property. The plaintiff then brought this action for specific performance, or damages in the alternative. The above was stated in the petition. In said petition it was also admitted that the corporate seal was not impressed or attached to either the contract or deed. The contract and deed were attached to the petition, and show on their face the absence of the seal.

By the statutes of this state instruments affecting real estate executed by a corporation must bear the corporate seal and are not valid without such seal. This, however, is subject to certain exceptions hereinafter noted.

Section 9695, O. S. 1931, as amended by chapter 119, page 254, Session Laws 1933, reads:

"Every deed or other instrument affecting real estate, executed by a corporation, except when executed by an attorney in fact, must be attested by the secretary, assistant secretary or clerk of such corporation, with the corporate seal attached."

There can be no doubt that this contract was an instrument "affecting" real estate. It was held in Parks v. Classen Co., 156 Okla. 43, 9 P. (2d) 432, and Bradford v. Jones, 170 Okla. 636, 41 P. (2d) 857, that a mere contract to sell and convey real estate at a future time, as distinguished from a sale in praesenti, does not create an equitable title or interest in the prospective vendee, in the absence of a tender of the purchase price by that vendee, but those decisions did not hold that such a contract is not an instrument "affecting" real estate. The statute is applicable.

The effect of the absence of the corporate seal on the contract is the question before us, and not the effect of the absence thereof on the deed, as discussed by the parties, for the action is founded upon and must rest upon the validity of the contract. In Bentley v. Zelma Oil Co., 76 Okla. 116, 184 P. 131, it was held in a similar case that such an instrument not under the seal of the corporation, nor attested by the secretary thereof, as required by the above statute, and not acknowledged, is invalid. It was also held that subsequent purchasers of the property are charged with notice of the invalidity of such an instrument. It was specifically held in that decision (p. 126 of 76 Okla.) that lack of attestation or attachment of the corporate seal invalidates such an instrument, as a result of the above statute. See, also, Randall Co. v. Glendenning, 19 Okla. 475, 92 P. 158. It appears under the above decisions that the signing by one of the prescribed officers of the corporation, and the attesting by the secretary, assistant secretary, or clerk and the attachment of the corporate seal, are all placed upon a parity of importance, and are essential to the validity of the instrument.

This same section, as it was numbered in a former compilation, was construed by the federal Circuit Court of Appeals, 8th Circuit, in Rader v. Star Mill & Elevator Co., 258 Fed. 599, in the following language:

"This mortgage was not attested by the signature of the secretary of the corporation, or by its seal, as required by section 1187 of the Revised Laws of Oklahoma, and was void."

To the same effect on a similar statute, see Allen v. Brown, 6 Kan. App. 704, 50 P. 505. See, also, 14A C. J. 536.

It is also alleged in the petition that the corporation did not have a seal, and hence could not attach or impress such seal to the contract, and it is contended that by reason of this fact the seal is not required. Some states have a statute to that effect, but we do not. It is therefore manifestly not within our power to provide such legislative exception to the plain terms of the statute, and there would be no better reason for our holding the instrument valid merely because the corporation did not have a seal than there would be for our holding an individual's unsigned contract to convey real estate valid because he did not have a pen.

The cases from other jurisdictions excusing the absence of the seal, which are cited by plaintiff in error, recognize an equitable exception to the terms of our statute, but in all such cases the facts show that the vendee had either gone into possession, had made valuable improvements on the property, or the vendee had accepted a part of the consideration, or in some manner the position of the vendee had been changed to his detriment. In fact we have a statute which provides an exception to section 9695, supra. It is section 9668, O. S. 1931, providing that:

"Any person or corporation, having knowingly received and accepted the benefits, or any part thereof, of any conveyance, mortgage or contract relating to real estate shall be concluded thereby and estopped to deny the validity of such conveyance, mortgage or contract or the power or authority to make and execute the same, except on the ground of fraud. * * *"

In the instant case the defendant did not receive any consideration or benefit, and the position of the plaintiff was not changed to his detriment, or, if such was the case, it was not shown by the petition. Of course the $1,000 cash payment was placed in the hands of the escrowee for a short while, but this was entirely voluntary on the part of the plaintiff; there was no provision in the contract requiring him to place any money in the bank. He could have immediately withdrawn it, had he desired. If he suffered any detriment by reason of leaving the money on deposit in the bank, it was not induced by the other party, for he was under no obligation to deposit the money.

Therefore it appears that the depositing of the money by the plaintiff did not change his position. Of course, whatever trivial detriment or inconvenience may have been incurred by drawing the money out of his account or from another bank, and placing it with the escrowee bank, would not be the kind of detriment necessary for invoking the doctrine of estoppel. Rosen v. Martin, 102 Okla. 65, 226 P. 577. In Hughes v. Sparks, 98 Okla. 208, 224 P. 957, and as reannounced in Maytag Co. v. State ex rel., 170 Okla. 480, 40 P. (2d) 1059, we said:

"In order to create an estoppel in pais, the party pleading it must have been misled to his injury; that is, he must have suffered a loss of a substantial character, or have been induced to alter his position for the worse in some material respect."

The judgment is affirmed.

McNEILL, C. J., and BUSBY, GIBSON, and CORN, JJ., concur.