WAHBY v. RENEGAR et al.

No. 32444.     Sept. 30, 1947.

*185 P. 2d 184.*

Herbert K. Hyde, of Oklahoma City, for plaintiff in error.

Porter H. Morgan and Owen Renegar, pro se, both of Oklahoma City, for defendants in error.

CORN, J. Plaintiff brought this action to quiet title to an oil and gas lease, dated March 31, 1944, alleged to have been executed and delivered by defendant, Elsie Renegar, by and through her attorney and agent, Owen F. Renegar, to John Strickland, covering five acres (described as E.½ of N.W.¼ of N.E.¼ of N.W.¼ of section 23, township 12 north, range 4 west); and to cancel from the records a "Notice" filed by defendants denying the execution of the lease and claiming same to be void. Two other causes of action were alleged; one for damages for slander of title by reason of filing of the "Notice", the other for punitive and exemplary damages.

Elsie Renegar filed separate answer and cross-petition setting up that her acknowledgment to the lease was never taken; that there was no valid delivery of the lease, same having been entrusted to plaintiff as a broker, upon conditions which were not fulfilled, but broken by the plaintiff; that plaintiff materially altered the lease by inserting Strickland's name as grantee, contrary to his agreement with her codefendant (Owen Renegar). Defendant then asked cancellation of the lease, to have her title quieted, and for damages.

The answer of the defendant Owen Renegar alleged the same matters in defense to the action as relied upon by his codefendant.

After hearing the testimony the trial court rendered judgment upon the issues generally in favor of defendants; that plaintiff recover nothing upon any cause of action alleged in the petition; and that the lease in question be canceled, and the various assignments thereunder likewise be canceled as a cloud upon defendant's (Elsie Renegar) title; directed payment to plaintiff of $125, and gave defendants judgment for costs.

The plaintiff contends that the judgment is contrary to both the law and the evidence. The evidence concerning the transactions which culminated in the present action was in sharp conflict. The rule is settled that, in actions of equitable cognizance, this court will examine the record and weigh the evidence, but will not reverse the findings and judgment of the trial court unless clearly against the weight thereof. Also settled is the rule that in actions of equitable cognizance the trial court's findings and judgment based upon conflicting evidence will not be disturbed on appeal because of the conflict in the testimony, or because it is possible to draw another conclusion from the testimony. Johnston v. American Finance Corp., 182 Okla. 567, 79 P. 2d 242; Johnson v. Rowe, 185 Okla. 60, 80 P. 2d 955; Harrell v. Nash, 192 Okla. 95, 133 P. 2d 748.

Plaintiff's evidence was directed toward showing he purchased this lease from defendant (Elsie Renegar) after negotiations with her son and codefendant, paying the sum of $125 therefor; that he was working with Strickland at the time; that Strickland's name was in the lease as the grantee when same was taken; that there were no conditions attached to the delivery; that the lease was sold to one Chapman at a profit, which was divided between Strickland and plaintiff; that some months later he purchased the lease from Chapman for

$300 per acre. Plaintiff at all times insisted the transaction was a sale, and that he did not take the lease in the capacity of a broker.

Defendants' evidence was that plaintiff sought the opportunity of selling a lease on the property for a commission, but defendants were only interested in leasing to a major oil company; that plaintiff stated he could get a good price for the lease and suggested defendant Owen Renegar get a signed lease ready which was done, but the lease was in blank, without any grantee named therein. On the morning plaintiff secured this lease both plaintiff and defendant Owen Renegar went to a notary public and had such lease notarized and after the seal was placed on the instrument the notary discovered that the signature was that of the defendant Elsie Renegar, as grantor; the notary then advised Owen Renegar that it would be necessary for his mother to appear and acknowledge her signature, but this was never done.

The notary further testified that it was his recollection that the space for the grantee's name in the lease was blank when he notarized the instrument.

Defendant (Owen Renegar) further testified he did not want plaintiff to have a lease in blank, and so required plaintiff to deposit $125 and plaintiff gave him a check for this amount, which was cashed. Thereafter this defendant asked plaintiff about the lease on several occasions and finally asked for return of the lease; upon plaintiff's failure to return the lease after several requests the "Notice" was placed of record.

The plaintiff contends that this lease was regular on its face, and possession thereof by the grantee, or one claiming under him, being established, was prima facie evidence of proper delivery of the lease.

The notary public testified that the grantor did not later appear before him and acknowledge her signature on the lease. The grantor positively testified she only signed the one instrument, and that this was done at her home. This evidence was not contradicted other than by plaintiff's testimony that the lease was properly signed and acknowledged when he received it from Renegar.

The plaintiff makes the further argument that certain physical facts demonstrate that Strickland's name appeared in the lease as grantee when plaintiff secured the lease. Supporting this argument plaintiff contends that examination of the original lease reveals that Strickland's name was written at the same time as the other names and figures appearing in the instrument. In view of the other evidence, and the lack of expert testimony upon this feature of the case, such argument is not persuasive.

The trial court found the issues generally in favor of defendants. A general judgment is deemed to include special findings upon any and all fact issues necessary to sustain the judgment. Staner v. McGrath, 174 Okla. 454, 51 P. 2d 795. The findings of the trial court and the judgment based thereon are supported by and are not contrary to the clear weight of the evidence.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS and GIBSON, JJ., concur. RILEY and WELCH, JJ., dissent.