O'NEAL et ux. v. UPTON et ux.

No. 33609.   Feb. 7, 1950.

*214 P. 2d 712.*

William M. Cutlip, of Shawnee, for plaintiff in error.

Clarence Robison, of Shawnee, for defendants in error.

LUTTRELL, J. This action was commenced by plaintiffs, Clarence Upton and Clara Upton, husband and wife, against a number of defendants, including Julius O'Neal and Mrs. Julius O'Neal, to quiet the title to lots 20 and 21, block 5, in Outcelt's Addition to the city of Tecumseh. The action was originally brought against the other defendants and did not include lots 20 and 21, but by an amendment to the petition the O'Neals were made parties defendant, and the suit brought to quiet title to lots 20 and 21 in addition to other property. The O'Neals by answer and cross-petition denied the title of plaintiffs and alleged that they were the owners of lots 20 and 21 and in possession thereof. The other defendants either disclaimed or defaulted, and

upon trial of the cause the trial court found in favor of plaintiffs, adjudged them to be in possession, and awarded them title to the property. Julius O'-Neal and Mrs. Julius O'Neal alone appeal.

The decisive question presented is whether or not the judgment of the trial court is clearly against the weight of the evidence. The lots involved were by plaintiffs claimed to be part of the abandoned right of way of the Choctaw, Oklahoma & Gulf Railroad Company, the surface of which plaintiffs acquired by joint deed from the Chicago, Rock Island & Pacific Railway Company and the Choctaw, Oklahoma & Gulf Railroad Company, dated March 1, 1946. Defendants claimed that the lots were a part of the abandoned right of way of the Shawnee-Tecumseh Traction Company, acquired by them by deed from the Shawnee-Tecumseh Traction Company, dated October 9, 1941, to one Bizzell, and a deed from Bizzell to defendants. The claims of both parties involve only the surface, as in the respective deeds by which they acquired title all minerals were reserved to the grantors.

Each party exhibited a record chain of title to the property. From the record it appears that one S. P. or Sherman P. Larsh, as treasurer of the Tecumseh Railway Company, acquired legal title to the property by deed dated May, 7, 1879, and that he individually was grantee in a tax deed dated July 11, 1900. On October 12, 1900, Tecumseh Railway Company, for whom Larsh evidently held the record title acquired by him, joined by Larsh and others individually, conveyed the property to Choctaw, Oklahoma & Gulf Railroad Company, the grantor of plaintiffs, said deed describing the portion of block 5 conveyed by metes and bounds, the eastern boundary of said tract being the east line of lot 21, which was east of lot 20 in said block. Thereafter, on July 12, 1906, Larsh, individually and as treasurer of the Tecumseh Railway Company, conveyed lots 20 and 21 to the Traction Company, the remote

grantor of defendants. The county engineer of Pottawatomie county testified that he had surveyed the property described by metes and bounds in the deed to the Choctaw, Oklahoma & Gulf Railroad Company, and that it included lots 20 and 21.

Defendants in their answer relied upon title by prescription, alleging that the Traction Company had been in possession of the property for more than fifteen years prior to the date of the deed to Bizzell, defendants' grantor, and that defendants had been in possession since that time. From the record it appears that the Traction Company abandoned the property occupied as its right of way in 1927, and the testimony of numerous witnesses was introduced in evidence, the witnesses of plaintiffs testifying that lots 20 and 21 were included in the right of way of a switch line of the Rock Island Railway Company, lessee of the Choctaw, Oklahoma & Gulf Railroad Company, which was abandoned in 1941 or 1942, and those introduced by defendants testifying that the lots were occupied by the lines of the Traction Company.

From this evidence it appears that the lots were each 25 feet wide and 150 feet long; that the length of the lots was north and south, and that lot 21 was east of lot 20. The Traction Company had abandoned its line, which, according to the testimony of all the witnesses, was east of the Rock Island switch line, some 20 years before the trial of the case, while the Rock Island switch line had been abandoned only 5 or 6 years prior to the trial, and evidences of its location were still visible on the property. The testimony of the witnesses for plaintiff was that the Rock Island switch line entered the lots on the north close to the northeast corner of lot 21, and ran south across the lots from the northeast to the southwest. Defendant Julius O'Neal himself admitted that the stake which the surveyor testified that he set at the northeast corner of lot 21, being the northeast corner of the tract described by metes and bounds in the conveyance to the Choctaw, Oklahoma & Gulf Railroad Company above referred to, was only 3 feet east of the Rock Island switch line at the north end of the lots, and that the stake set by the surveyor at the southeast corner of lot 21 was only 38 feet east of the Rock Island switch line. The witnesses for the plaintiffs for the most part testified not only from their recollection of the location of the Rock Island switch line which had only been recently abandoned, but testified also as to its location because of the evidences of such apparent. The witnesses who testified location which were still visible and as to the location of the street car tracks, on the other hand, necessarily testified from their recollection of the location of a line which had been removed for some 20 years.

We are committed to the rule that in cases of equitable cognizance such as this, where the evidence is in conflict, the judgment of the trial court is entitled to great respect, and will not be set aside unless clearly against the weight of the evidence. Wahby v. Renegar, 199 Okla. 191, 185 P. 2d 184; Harrison v. Eaves, 191 Okla. 453, 130 P. 2d 841, and Johnson v. Rowe, 185 Okla. 60, 89 P. 2d 955. We have carefully examined the testimony of all these witnesses, and from such examination find and hold that the judgment of the trial court was not clearly against the weight of the evidence. So far as the record title is concerned there is no explanation given as to why Larsh made the conveyance to the Traction Company after his company, joined by him individually, had conveyed to the Railroad Company, but clearly the legal title to the lots passed by the deed to the Railroad Company.

Defendants assert that the deed from the Railroad Company to plaintiffs, which conveyed to plaintiffs all the abandoned right of way of the Choctaw, Oklahoma & Gulf Railroad Company over and across block 5, conveyed only a right of way, and did not convey the fee. The deeds to the

Railroad Company clearly carried the fee simple title to the property, and it is evident that the deed to plaintiffs was intended to and did convey all the title the Railroad Company had. In Marland v. Gillespie, 168 Okla. 376, 33 P. 2d 207, we held that a railroad company could acquire fee-simple title to a right of way prior to statehood, and in the instant case it clearly appears that the railroad did acquire the fee-simple title, and that it conveyed the same to plaintiffs.

Defendants also call attention to the fact that the deed from Tecumseh Railway Company, Larsh and others, to the Choctaw, Oklahoma & Gulf Railroad Company, made in 1900, did not show the seal of the Tecumseh Railway Company, and that under the decision of this court in Downing v. Young Mens Christian Ass'n, 178 Okla. 292, 61 P. 2d 859, the deed was void. We do not agree with this contention. The original deed was not introduced in evidence, but the copy introduced was taken from an abstract. The Choctaw, Oklahoma & Gulf Railroad Company held possession of the property from 1900 until 1946. Further, the deed recites that its execution and delivery were duly authorized by the board of directors, and that all the individual stockholders of the Tecumseh Railway Company, who also executed the deed, joined in the execution of the deed, and ratified the conveyance as investing the grantee with legal title to the property. We think these recitations sufficiently denote that the deed was the act and deed of the corporation and its stockholders, and that it was sufficient to convey the title to the Choctaw, Oklahoma & Gulf Railroad Company. In the Downing case the contract involved was not made at the direction of the board of directors of the company, but when presented to them was rejected. In the instant case the deed itself shows that both the directors and stockholders of the grantor ratified and confirmed the conveyance.

Affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, GIBSON, HALLEY, and JOHNSON, JJ., concur. O'NEAL, J., dissents.