Jack L. Rorschach, of Vinita, for plaintiff in error.

Richard L. Wheatley and Josh J. Evans, both of Vinita, for defendant in error.

LUTTRELL, J. This action was brought by plaintiff, Cecil H. Johnston, against S. O. Hawkins and First National Bank of Vinita, to recover a deposit of $500 made in the defendant bank by plaintiff under a contract for the sale of real estate between plaintiff and defendant Hawkins, and to recover damages from Hawkins for the breach of such contract of sale. The trial court held the written contract for the sale of real estate ambiguous and uncertain; permitted parol evidence as to the meaning of the contract in certain respects to be introduced by the parties, and submitted that question and the question of whether the abstract furnished by the defendant showed merchantable title to the jury. From a judgment for plaintiff for the return of $500 and for $65 damages, defendant Hawkins appeals.

From the record it appears that on June 24, 1946, Hawkins and Johnston

---

**HAWKINS v. JOHNSTON.**

No. 33811.  Sept. 19, 1950.

222 P. 2d 511.

entered into a written contract whereby Hawkins agreed to sell to Johnston a 40-acre tract of land in Craig county. The portion of the contract pertinent to the questions herein presented reads as follows:

"That for and in consideration of the sum of $4,600.00, first party has agreed to and does hereby sell and convey all of the above described real estate to second party, and all of the furniture, household goods and equipment of every kind and nature, except one electric refrigerator, one bed with mattress and springs, one rocking chair, and six camp chairs. All other household goods, furniture of every kind go with the sale of said premises.

"Said first party agrees to furnish second party with a good merchantable title in and to said real estate with abstract down to date showing same, and agrees to have his abstract of title brought down to date just as soon as same can be done, and agrees to deliver same to second party for examination. Said second party is to have a reasonable time thereafter in which to examine said abstract of title and notify first party of his requirements of title, in writing, if any.

"Said second party is to have possession of said real estate on or before July 1, 1946, if title is approved by that date, or if not approved by that date, then possession immediately and forthwith upon the payment of the full and complete purchase price to first party.

"It is agreed that first party has some property stored in a work-shop, and it is understood that first party is to have a reasonable time within which to get same removed, but agrees to have same removed within six months from this date."

Shortly after the contract was executed and placed in the Vinita bank with the $500 deposit, the parties became involved in a dispute, plaintiff claiming that certain personal property which was located upon the tract, and which under the terms agreed upon by the parties was to go with the tract, had been removed by defendant.

Defendant, on the other hand, contended that the property did not pass with the sale of the place and refused to agree that it was included in the sale. Plaintiff also contended that when the abstract was examined it showed a mortgage to the First National Bank of Vinita in the sum of $1,100 and that therefore the title was not merchantable. When it became apparent that the parties could not consummate the sale because of the disagreement between them, plaintiff brought this action, substantially on the grounds above stated. The First National Bank of Vinita tendered the money into court and was not thereafter involved in the proceeding. The defendant in his answer denied any breach of the contract on his part, alleged the breach thereof by plaintiff, and sought to recover the $500 placed in the bank as liquidated damages or by way of forfeiture because of the breach of the contract by defendant.

In this court plaintiff first contends that the trial court erred in permitting the introduction of parol evidence as to the understanding between the parties with reference to the personal property involved in the dispute between them. From the record it appears that at the time the contract was made there was upon the property a certain amount of brick tile to be used in the construction of a building, and that defendant removed this tile and certain other personal property which plaintiff claimed passed to him with the land. Defendant asserts that the contract is not ambiguous with reference to the property sold, and that it clearly shows that plaintiff was to receive only the furniture, except certain items reserved in the first paragraph of the contract quoted above. Plaintiff, on the other hand, contends that the words "equipment of every kind and nature", as used in said paragraph, did not refer to the household goods and furniture, but covered such other personal property as was then upon the premises, except that stored in a certain workhouse and referred

to in the last paragraph of the contract quoted above.

It is to be noted that the contract is not specific as to the personal property to be conveyed, although it is specific as to that excepted from the operation of the contract. If the only reference to the personal property in the contract was that contained in the first paragraph quoted above, we would be inclined to agree with defendant that the word "equipment" referred to household furnishings and equipment only, but in view of the further reservation or recital that first party has other personal property stored in a workhouse which he is to have a reasonable time to remove, we think there is doubt or uncertainty as to whether the parties intended that only the specific items of household furniture mentioned in the first paragraph and the other personal property contained in the workhouse were all that was to be retained by defendant, or whether defendant likewise retained title to all other personal property upon the premises except the household goods and furnishings. It is to be noted that the contract is silent as to the right of defendant to remove any other personal property or the time within which such removal was to be effected, nor is there any reference to any other personal property located upon the premises, or any indication whether such property should remain the property of defendant or pass to the plaintiff with the real estate. We are of opinion that in view of the uncertainty in the contract as to these other items of personal property, the trial court properly permitted oral testimony as to the understanding of the parties with reference to such property, and did not err in submitting that question to the jury.

In Packard Oklahoma Motor Co. v. Funk, 117 Okla. 96, 245 P. 571, we held that where the terms of a written instrument were ambiguous, uncertain, or obscure, parol evidence was admissible to explain and clarify the terms.

In First National Bank of Washington v. Haines, 76 Okla. 301, 185 P. 441, we held that where, from the terms of a chattel mortgage it was uncertain whether it was intended to recover only jointly owned property of two mortgagees or was intended to cover their separate and individual property, parol evidence was admissible in order to ascertain the intent of the parties.

We think the rule announced in these cases, and in other cases decided by this court where contracts were ambiguous, uncertain, or obscure, was properly applied by the trial court in the instance case, and that such evidence was properly admitted.

Defendant next contends that the trial court erred in instructing the jury that under the contract the vendor was required to furnish an abstract showing good and merchantable title, and that in an action of this nature the vendor must show by the abstract tendered that title was good, and in further instructing the jury that where, as in this case, the abstract showed an unreleased mortgage upon the property, the title would not be merchantable, unless the jury found that there was an agreement that the same might be paid out of the balance due on the purchase price. Defendant in support of his contention in this respect calls attention to Sparks v. Helmer, 142 Okla. 219, 286 P. 306, in which we held that an offer by the vendor to permit the use of a part of the purchase price to pay off certain mortgages described in the contract of sale, and which under the contract the vendor was obligated to pay, was a substantial compliance with the contract.

In the instance case, however, the mortgage was not referred to in the contract of sale, the contract placing upon defendant the obligation to furnish an abstract showing good and merchantable title. While the defendant testified that plaintiff was advised of the amount of the mortgage, and that it would be paid out of the purchase price, plaintiff's testimony was to the contrary. Obviously, in such case, in the

absence of such an agreement, or of any reference in the contract to the mortgage, the furnishing of an abstract showing such mortgage did not comply with the obligation of defendant to furnish merchantable title Campbell v. Harsh, 31 Okla. 436, 122 P. 127; Pearce v. Freeman, 122 Okla. 285, 254 P. 719; Tull v. Milligan, 173 Okla. 131, 48 P. 2d 835.

The testimony of the parties on almost every question raised by the pleadings was contradictory and conflicting. On behalf of plaintiff it showed that when he discovered that the brick tile and other personal property taken from the premises by defendant would not be restored to the property he offered to rescind the contract and take down his money, but defendant refused and insisted upon the performance of the contract as he understood the contract, and that after considerable time had been expended by plaintiff without results he abandoned any further effort to adjust the matter and brought this action. The damages claimed by plaintiff and allowed by the jury were, in our judgment, recoverable by him under 23 O.S. 1941 §27, as expenses properly incurred in preparing to enter upon the land, the latter being recoverable only in the event of bad faith on the part of the vendor. These matters were submitted to the jury under proper instructions, and the verdict of the jury is, in our judgment, sufficiently sustained by the evidence.

Affirmed.

ARNOLD, V. C. J., and CORN, GIBSON and O'NEAL, JJ., concur. JOHNSON, J., who presided at the trial in the lower court, not participating.