HUNTER et al. v. WHITAKER.

No. 34461.  Oct. 30, 1951.

237 P. 2d 150.

Primus C. Wade, Tulsa, and Rogers & Rogers, Gainsville, Mo., for plaintiffs in error.

Hickman & Hickman, Tulsa, for defendant in error.

PER CURIAM.  The plaintiff sued Ed Hunter, administrator of the estate of Dessie Bowens, deceased, and the heirs of said decedent, to establish a resulting trust in real property held in the name of Dessie Bowens, and to establish the existence of a common law marriage between himself and the said Dessie Bowens.  From a judgment in favor of the plaintiff, defendants appeal.  For assignments of error the de-

fendants complain the evidence of plaintiff was insufficient to withstand their demurrer, that it was not sufficient to establish a common law marriage between said Carl Whitaker and Dessie Bowens, and that the judgment is against the weight of the evidence. They also complain that the plaintiff was not a competent witness.

The evidence is uncontroverted that plaintiff and the said Dessie Bowens lived in the same house from 1923 to the time of her death in 1948. It was clearly established that they lived and cohabited together as husband and wife for such period of time and held themselves out as husband and wife. The property in question was accumulated by their joint efforts. When, during such cohabitation, the decedent purchased a policy of burial insurance, she listed the plaintiff as her common law husband. The defendants contend the plaintiff was incapable of contracting the common law marriage because of the existence of a living wife he had previously acquired by a common law marriage. This alleged living wife was offered as a witness by the defendants. She testified that she and the plaintiff never agreed to be husband and wife. She admitted she and the plaintiff had lived together for many years until their separation in 1923. She further admitted that in 1921, and again in 1941, she and the plaintiff had joined in executing instruments in regard to real property, in which they were referred to as husband and wife. However, she positively testified that she and the plaintiff were never married and never agreed to be husband and wife. She also testified that the plaintiff and the decedent held themselves out to her as husband and wife.

Disregarding the testimony of the plaintiff himself the evidence was sufficient to sustain the judgment of the trial court. The judgment not being clearly against the weight of the evidence, it should not be disturbed on appeal. Kliewer v. Bodenheimer, 199 Okla. 107, 184 P. 2d 456; Wahby v. Renegar, 199 Okla. 191, 185 P. 2d 184.

Affirmed.

This Court acknowledges the services of Attorneys H. H. McKeever, Harry O. Glasser, and Dan Mitchell, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

ARNOLD, C.J., HALLEY, V.C.J., and WELCH, CORN, GIBSON, DAVISON, O'NEAL, and BINGAMAN, JJ., concur.