CLEMENTS v. MEE et al.

No. 35302.   Feb. 3, 1953.

Rehearing Denied March 17, 1953.

*254 P. 2d 354.*

Neva Martin, Oklahoma City, for plaintiff in error.

John W. Mee, Oklahoma City, for defendants in error.

CORN, J. Plaintiff sued Catherine Clements, and other defendants who are not concerned herein, to quiet title to real property. Plaintiff alleged acquisition of a prescriptive title based upon a sheriff's deed and subsequent conveyances, and that any interest or title claimed by defendant was barred by applicable statutes of limitation and by virtue of the sheriff's deed having been recorded more than five years.

Defendant's amended answer and cross-petition alleged ownership and homestead character of the property on the date of the sheriff's deed and at all times thereafter, subject to a first mortgage, in favor of plaintiff's husband, Robert W. Mee, who induced the purchaser, H. S. Morris, to buy the property at the sheriff's sale and convey the same to his wife, Clara Mee, in trust for his benefit. Further, in 1934 the Mees induced defendant to give them possession of the property upon representation this was necessary for them to collect the rents upon the property and apply same upon the arrearages of indebtedness, thus making the Mees mortgagees in possession at all times up to the date of the action. Defendant tendered any balance owing upon the mortgage, sought accounting of the rents and profits and asked that her title be quieted.

In answer to defendant's cross-petition plaintiff denied defendant's homestead interest and plead estoppel based upon the finality of the proceedings which culminated in execution of the sheriff's deed; that defendant's cause of action was barred by applicable statutes of limitation; claimed title in plaintiff's own right and denied any right or title in her husband except a mortgage interest, since in all transactions plaintiff and her husband acted separately and apart. This answer incorporated the proceedings which provided the basis for the sheriff's deed under which plaintiff asserted title. Defendant replied by general denial of all matters inconsistent with her answers and cross-petition.

At the trial it was stipulated that defendant purchased this property in 1924, and mortgaged same to Robert W. Mee in 1930, and that this mortgage had never been released of record. Plaintiff introduced the evidence of Robert W. Mee, who testified that he held a mortgage on the property which was delinquent, and with unpaid taxes and insurance in 1934; defendant was in financial distress and about to lose the property because of the judgment being placed against her, and came to his office seeking further help, which he refused; one Morris bought the property at sheriff's sale and then sold this equity to plaintiff; that the mortgage was settled and adjusted between defendant and himself, although not released of record, and that he had no agreement with defendant that he should take possession under his mortgage; that the property belonged to plaintiff, who had been in possession since 1934 or 1935, and witness had no interest therein; plaintiff had owned the property since 1934, and it had been rented to a tenant who took possession in December, 1934, and paid rent on the premises.

Mee's loan accounts and rent records showed defendant delinquent on the indebtedness, but she had paid the interest to November, 1934; the accounts also reflected a $99 credit to her in December, 1934. Defendant insisted this was a credit on the mortgage, but Mee testified this was merely an adjustment made in writing off defendant's obligation which was not carried on the books as a debt thereafter.

Plaintiff's tenant (Mrs. Clouette) testified to having rented the property

from Mee in 1934, and that she moved into the property when it was vacant; she had tried to rent the property from defendant who, while declining the offer, told the witness she was going to lose the property. The rent records disclosed that this tenant made her first rent payment December 3, 1934.

Defendant predicated her defense upon the theory that since she surrendered possession to Mee, he became a mortgagee in possession, and under the conveyance plaintiff could only hold the property in trust for Mee's benefit. She testified the property was mortgaged to Mee and that she was delinquent in the payments; upon attempting to refinance Mee refused further assistance, telling her he would send a tenant to take possession of the premises so rent could be collected and payments made on the mortgage; for this reason defendant surrendered possession to the tenant; no accounting was made although she inquired two different times concerning the matter. She dealt with both Mee and plaintiff on different occasions, had made payments to both, and was told that the mortgage belonged to plaintiff and her husband.

There was other evidence which defendant insists must be construed as supporting her position. It was brought out that the Mees conducted their business through a single bank account and worked together in their affairs; the purchaser of the sheriff's deed made no mortgage payments, but immediately deeded his equity to plaintiff for a consideration of only $1; the mortgage was never paid, nor released of record. Apparently the original deed to plaintiff was lost, and in 1938 plaintiff secured and recorded a new deed, which recited that the interest conveyed was subject to Mee's mortgage.

The trial court rendered a general judgment quieting plaintiff's title and confirming her possession in the property, denying defendant any relief sought under her cross-petition, and barring and enjoining any of the named defendants from asserting any title or interest in the real estate involved.

Defendant relies upon five propositions in seeking to reverse the judgment rendered. Proper disposition of this appeal requires consideration of the single question whether Robert Mee was a mortgagee in possession.

The evidence introduced upon this question is pointed out above, as is the fact that the testimony relative to such issue was in direct conflict. Defendant construes the evidence as showing Mee took possession with defendant's consent and thus was estopped to deny her title, and purchase of an adverse interest therein had to be for the benefit of, and held in trust for the mortgagor. Further, that the evidence presumptively established that Mee continued to recognize defendant's title so that he was precluded from asserting that title was in plaintiff by virtue of the conveyance from the purchaser at the sheriff's sale. Supporting this argument defendant relies upon rules announced in texts, as well as numerous decisions which, as a general proposition, support the defendant's argument. See 36 Am. Jur., Mortgages, §263. However, it must be noted that application of the rule urged is limited to instances where it is clearly established that the mortgagee's possession resulted from same agreement, express or implied, with the mortgagor in respect thereto.

The trial court rendered a general judgment for plaintiff granting the relief sought. In such instances the rule is that such finding is a finding of every special thing necessary to be found to uphold the general finding, and is conclusive upon this court as to all doubtful or disputed questions of fact. Gillespie v. Dougherty, 179 Okla. 330, 65 P. 2d 486.

In equity cases the presumption favors the correctness of the trial court's findings. and it will not be set aside unless against the clear weight of the evidence. Powell v. Moore, 204 Okla. 505, 231 P. 2d 695; Williams v. Downing, 185 Okla. 633, 95 P. 2d 612.

In view of the foregoing it is unnecessary to consider other errors urged by plaintiff.

Judgment affirmed.

HALLEY, C.J., and DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.