**Mildred CORVINO, Plaintiff in Error,**

v.

**910 SOUTH BOSTON REALTY COMPANY,**
*Defendant in Error.*

**No. 37426.**

Supreme Court of Oklahoma.

Sept. 23, 1958.

Rehearing Denied Nov. 25, 1958.

R. M. Cowen, Ungerman, Whitebook, Grable & Ungerman, by Chas. A. Whitebook, Tulsa, for plaintiff in error.

Rosenstein, Fist & Mesirow, Tulsa, E. Harold Dick, Providence, R. I., for defendant in error.

WELCH, Chief Justice.

Alexander Bisno filed this action in district court against the defendant, 910 South Boston Realty Company, a corporation, for breach of contract and damages arising therefrom. A jury was waived and the case was tried to the court, and judgment was rendered for defendant.

Subsequent to the judgment, the plaintiff in the trial court Alexander Bisno assigned all of his interest in the case to Mildred Corvino, who was substituted for Alexander Bisno by order of the trial court, and she has filed her appeal in this court upon the original record.

The record reveals that a written agreement to purchase real estate was entered into between Bisno and defendant corporation, after certain preliminary negotiations between the parties . through their respective agents. The written contract provided that defendant furnish sufficient warranty deed conveying a good and clear title. The contract was signed by agent of Bisno, and the president and treasurer of defendant corporation, in the presence of

all of the stockholders of said corporation. The contract was thereafter assigned over to Bisno.

Plaintiff in error presents her argument on appeal under eight different propositions.

■ For sake of brevity we will consider propositions one and two together, wherein it is argued that contract was void and was never validated by acts of plaintiff constituting estoppel. It is argued by plaintiff in error that contract was void for the reason that same was not attested by the secretary, assistant secretary or clerk of corporation, with seal, and was not acknowledged by officer subscribing name of corporation.

The record reveals herein that all of the stockholders were present at the time of the execution of the contract, and agreed to the terms thereof; that thereafter a meeting was held by all stockholders wherein a resolution was passed affirming contract, and plaintiff was furnished a copy of resolution. Plaintiff relies upon 16 O.S.1951 Sections 94 and 95, and cites for authority Downing v. Young Men's Christian Association of the University of Oklahoma, 178 Okl. 292, 61 P.2d 859; Randall Co. v. Glendenning, 19 Okl. 475, 92 P. 158, and Bentley v. Zelma Oil Co., 76 Okl. 116, 184 P. 131.

In the Randall and Bentley cases, supra, the question was with reference to instruments which purported to convey interest in real estate, and in the Downing case the Board of Directors refused to ratify the contract executed by officers.

In the case of O'Neal v. Upton, 202 Okl. 403, 214 P.2d 712, this court held:

"Where a deed made by a corporation in 1900, under which the grantee took possession and retained it until 1946, when it disposed of the property, recites that its execution and delivery has been authorized by its board of directors, and it is ratified and confirmed by all of the stockholders, who joined the execution of the deed as cograntors with the corporation, the failure of the secretary of the corporation to affix the corporate seal to such deed does not render the deed void."

In the case before us the record reveals that all the stockholders of corporation agreed to contract, affirmed it and tendered a warranty deed which is not disputed herein. At the time of the tender of warranty deed by defendant the only objection raised by plaintiff was that title was not merchantable. We are of the opinion that the acts of the stockholders of said corporation were sufficient to denote that the execution of contract was the act and deed of said corporation, sufficient to bind said corporation, and therefore same will not be held void upon complaint of plaintiff.

In view of the fact that contract held not void, the second proposition as to not being validated by acts of plaintiff requires no further attention.

The question raised in proposition three was not raised in trial court, and therefore is without merit here.

■ The plaintiff in error argues in her fourth proposition that defendant breached the conditions of the contract in failing to tender merchantable title.

In the case of Sparks v. Helmer, 142 Okl. 219, 286 P. 306, this court held:

"In a contract for the sale of real estate the seller agreed to pay off and discharge certain mortgages against the land and procure release; the purchase price, under the contract, was in excess of the mortgage; the seller offered to permit a part of the purchase price to be used to pay off said mortgage; Held, such offer, under the facts in the instant case, was a substantial compliance on his part with this clause of the contract. * * *"

In the case before us the record reveals that seller agreed to enter escrow agreement to the effect that the mortgages and delinquent taxes could be paid off, from the purchase price which was in excess of amount due, and thereby clear the title. Therefore we are of the opinion, and so

hold, that this was a substantial compliance with that clause of the contract complained of by plaintiff herein.

█ It is argued under proposition five that the purported contract was induced by fraud and misrepresentation made by the defendant and its agents. The argument is presented under four subheads, pointing out to the court the specific misrepresentations complained of.

The record does reveal that certain oral representations were made by the agent of defendant prior to contract, as to loan value of property, and income from rents. It was learned by the defendant that a loan could not be obtained for the full amount as represented and that the profit and loss statement revealed some less profit from the property than had been represented. However, the record reveals that about the middle of March, 1954, the agent of Bisno learned of the discrepancies in the profits from rents, and thereafter on April 21, 1954, an additional $10,000 was deposited on the contract by Bisno. The record is not clear as to whether it was learned by Bisno that a loan could not be obtained for the full amount as represented by agent of defendant, before he made the additional payment. However, these misrepresentations complained of were all discovered prior to May 3, 1954, the date at which time balance was to be paid and deed delivered. The record further reveals that plaintiff's agents appeared on the above date prepared to carry out the terms of the contract, and the only objection raised by them was to the effect that defendant could not deliver clear merchantable title, which objection has been covered hereinabove.

In the case of Farmers State Bank of Belpre, Kan. v. Harrington, 98 Okl. 293, 225 P. 705, this court held:

"Where a party, with full knowledge of the facts, has, distinctly and unequivocally, done any act which implies an intention to abide by the contract, he cannot subsequently disaffirm the contract."

We are of the view, and so hold that the acts of plaintiff through his agents, after knowledge of misrepresentations, were sufficient to imply an intention to abide by the contract. In view of this conclusion we deem it unnecessary to discuss the subheads set out in brief of plaintiff in error.

█ The plaintiff in error argues under proposition six that she is entitled to recover all damages and expenses incurred in connection with the entire transaction. 23 O.S.1951 Sec. 27 is relied upon herein, and the case of Hawkins v. Johnston, 203 Okl. 398, 222 P.2d 511, and Pabst Brewing Company v. Nelson, 108 Okl. 286, 236 P. 873. Since we have heretofore held in this case that there was a substantial compliance with the contract by defendant, it is not now necessary to pass upon this question.

It is argued under proposition seven that the provisions of contract that the earnest money deposit in the amount of $20,000 shall be retained by the seller as liquidated damages in default of buyer is void and unenforceable. The provision of the contract complained of is as follows:

"If the buyer does not perform as herein provided, the sum of $20,000.00 herein deposited shall be retained by the seller as liquidated damages and all further obligations of the parties hereto shall cease."

In the case of Mid-Continent Life Ins. Co. v. Goforth, 193 Okl. 314, 143 P.2d 154, 155, this court held:

"The question whether the amount stipulated to be paid upon failure of performance is to be treated as liquidated damages, or as a penalty, is, in its last analysis, a question of law for the court, to be determined from the language and subject matter of the contract, the evident intent of the parties, and all the facts and circumstances under which the contract was made."

Upon consideration of the facts and circumstances and the language used in this clause of said contract, we are of the

opinion, and so hold that the trial court should be sustained on this point.

It is contended by the plaintiff in error under proposition eight that the findings of fact and conclusions of law of the trial court herein were erroneous.

In the case of Sipe v. Greenfield, 116 Okl. 241, 244 P. 424, 425, this court held:

"A judgment reached in the trial of a law action to the court will not be reversed on appeal if there is any competent evidence which reasonably tends to support the judgment."

We are of the opinion, and so hold that the evidence as revealed by the record herein supports the judgment of the trial court.

Judgment affirmed.