Raymond P. WOLFE, Guardian of Etta Pearl McLean, Plaintiff in Error,

v.

Hugh Virgil McDONALD, Adell Nina McDonald and G. E. Lalman, Defendants in Error.

No. 38585.

Supreme Court of Oklahoma.

Feb. 9, 1960.

Rehearing Denied April 26, 1960.

Warren L. McConnico, Tulsa, Poe & Murdock, Tulsa, for plaintiff in error.

Ungerman, Grabel, Ungerman, Leiter & Unruh, Tulsa, for defendants in error.

PER CURIAM.

The plaintiff, guardian of Etta Pearl McLean, an incompetent, sought to recover from the defendants title to and possession of Lot 23, Block 22, College Addition to the City of Tulsa, Oklahoma, which had been the home of the ward. The petition, in effect, further alleges that the defendants had practiced fraud, duress and undue influence in getting the ward, who was over 75 years of age and an incompetent, to execute the deed conveying the above described property to them.

The answer of the defendants was a general denial. The record reflects the following facts: Etta Pearl McLean, 75 years of age, had owned the property for over twelve years. It had been a six-room one-story dwelling with small garage in the rear. She had in recent years converted the property into four apartments in the main building, and a garage apartment and had rented to numerous tenants. She had been a registered nurse and active in her profession until she had reached the age of approximately 70 years. In recent years she had done door to door sales work; in particular for the product, Neutrilite. Over the years she had borrowed monies, both on the property and on her personal belongings, and had made various improvements on the property. In the latter part of 1956, and early 1957, she encountered financial difficulties.

The McDonalds first rented an apartment from her on December 31, 1956, having just moved to Tulsa from McAlester, Oklahoma. They moved from the premises on January 10, 1957, returning to rent from her another apartment in the last few days of February.

On March 27, 1957, she informed the McDonalds of her financial difficulties and an agreement was reached between them for the conveyance of the property to the McDonalds. She executed a general warranty deed in favor of the McDonalds on the 28th day of March, 1957. On March 30, 1957, the McDonalds paid off a mortgage against the property to Nora Barrus in the amount of $2,741.58, and received from her a release of mortgage and receipt of payment. Thereafter, the McDonalds paid to the First Bancredit Corporation a mechanic's lien, filed by John L. Robertson, against the property herein concerned in the amount of $165.44. A balance of Etta Pearl McLean's account in the amount of $9.67 was paid by the McDonalds. The balance of a note executed by Etta Pearl McLean in favor of the Hope Lumber Company was paid to the First Bancredit Corporation as assignee, in the amount of $253.55. The McDonalds paid delinquent utility bills of Etta Pearl McLean in the following amounts:

| | |
|---|---|
| Oklahoma Natural Gas | $25.00 |
| Tulsa Water Department | 39.65 |
| Public Service Company | 6.40 |

McDonalds became obligated to the United Builders Supply Company in the amount of $1,521.16, representing a lien filed by the United Builder's Supply Company against the property herein concerned to which was attached a promissory note of Etta Pearl McLean. In accordance with the agreement for the conveyance of the property by her to the McDonalds, she was accorded a three-room apartment on the premises rent free with utilities (except telephone), paid for by the McDonalds for the duration of her life. She occupied this property until she moved from the premises in August of 1957.

There was a large number of witnesses testified for the plaintiff tending to show that she was not competent to execute the deed on the date of its execution.

 About the same number of witnesses testified for the defendants tending to show she was competent to execute the deed on the day it was executed. In Wahby v. Renegar, 199 Okl. 191, 185 P.2d 184, 185, we said:

"The rule is settled that, in actions of equitable cognizance, this court will

examine the record and weigh the evidence, but will not reverse the findings and judgment of the trial court unless clearly against the weight thereof. Also settled is the rule that in actions of equitable cognizance the trial court's findings and judgment based upon conflicting evidence will not be disturbed on appeal because of the conflict in the testimony, or because it is possible to draw another conclusion from the testimony. Johnston v. American Finance Corporation, 182 Okl. 567, 79 P.2d 242; Johnson v. Rowe, 185 Okl. 60, 89 P.2d 955; Harrell v. Nash, 192 Okl. 95, 133 P.2d 748."

The Court in part rendered the following judgment:

"That no fraud, duress, or undue influence has been practiced by these defendants as against Etta Pearl McLean; and that Etta Pearl McLean was fully competent to execute the deed here involved and to know the nature and consequence of her act of conveyance; that there was full and adequate consideration for the deed and that the deed should be confirmed as a valid conveyance to the defendants, Hugh Virgil McDonald and Adell Nina McDonald; that the mortgage of record executed by the McDonalds in favor of the defendant, G. E. Lalman, is a good, valid and existing encumbrance against the premises here involved; that the accounting requested by the plaintiff in his petition should be and the same is hereby denied and the title to the premises herein involved should be and the same is hereby quieted in the defendants, Hugh Virgil McDonald and Adell Nina McDonald, except the said Etta Pearl McLean, shall have a life estate in and to the apartment known as the three rooms on the upper side of 3207 East 8th Street, rent free, with lights, gas and water to be paid for during the rest of her life, forever barring the plaintiff Etta Pearl McLean, her heirs, executors, administrators, assigns or anyone claiming under her in any manner whatsoever from exerting any rights, title or interest in and to the property here concerned, except the life estate hereinabove reserved to Etta Pearl McLean."

We have read the record and weighed the evidence and we will not say that the judgment of the trial court on the question of the competency and mental capacity was clearly against the weight of the evidence. Neither can we say that the consideration for the deed was wholly inadequate. Nor do we think the consideration for which Etta Pearl McLean executed the deed wholly failed.

We are of the opinion that the evidence shows that the deed in question was not obtained by fraud or undue influence. The facts in this case and the law applicable thereto fully support the judgment of the trial court. Affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.